In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00082-CR
_____

OMAR I. LARA, Appellant

V.

THE STATE OF TEXAS, Appellee

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. F22-39437**

---

## MEMORANDUM OPINION

A grand jury indicted Appellant Omar Lara for the offense of murder, for intentionally and knowingly causing the death of Juan Borrego by shooting him with a deadly weapon—namely, a firearm. Lara was fourteen years old at the time of the offense, and he was tried as an adult. Lara pleaded guilty to the offense charged, and he elected for the jury to assess punishment. After a hearing on punishment, the jury assessed punishment at forty years of confinement. Lara appealed, and in a single

issue, he argues that the jury instruction provided to the jury during sentencing which included statutory language about parole is unconstitutional. We affirm.

Appellant argues on appeal that the instruction on the law of parole that was included in the jury charge pursuant to section 4(a) of article 37.07 of the Code of Criminal Procedure is unconstitutional, and that it violates the separation of powers doctrine in the Texas Constitution, the due process clause of the Fourteenth Amendment, and the due process clause in the Texas Bill of Rights.

At the charge conference during the punishment phase, the defense counsel made an objection as follows:

> My objection is the one I always make to page 3, the language about parole where it says that -- explains how parole works and then specifically tells them not to think about it, which, to me, is a useless endeavor. I object to that. I know what the statute says. I'm just giving my normal objection.

The trial court overruled the objection.

To preserve an issue for appellate review, a party must lodge a timely objection and state the specific legal basis for the objection. *Sartin v. State*, 680 S.W.3d 663, 667 (Tex. App.—Beaumont 2023, no pet.) (citing Tex. R. App. P. 33.1(a)(1)). When an issue has not been preserved for appeal, an appellate court should not address the merits of the issue. *Id.* (citing *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009)). The Court of Criminal Appeals has explained,

> To preserve a complaint for appellate review, an objection must state the grounds for the ruling sought with sufficient specificity to make the

trial court aware of the complaint. Tex. R. App. P. 33.1(a). The complaining party bears the responsibility of clearly conveying his particular complaint to the trial judge. *See Pena* [*v. State*], 285 S.W.3d [459,] 464 [(Tex. Crim. App. 2009)]. To avoid forfeiting a complaint on appeal, the party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Id.* (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). This gives the trial judge and the opposing party an opportunity to correct the error. *Id.*

*Mosley v. State*, 666 S.W.3d 670, 676 (Tex. Crim. App. 2023).

Almost all error, even constitutional error, must be preserved by objection or it is waived. *See Hull v. State*, 67 S.W.3d 215, 216-18 (Tex. Crim. App. 2002); *Holland v. State*, 802 S.W.2d 696, 700-01 (Tex. Crim. App. 1991); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). The failure to object at trial may waive even constitutional errors. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). A defendant fails to preserve error when, as here, the contention urged on appeal does not match the complaint made in the trial court. *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009). In other words, an objection stating one legal basis for an objection at trial may not be used to support a different legal theory on appeal. *See Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004).

In this case, Lara's objection at the punishment hearing failed to sufficiently identify a legal basis for his objection to the jury charge, and it did not give the trial court enough information from which the trial court could determine whether there

3

was an appropriate remedy. *See Sartin*, 680 S.W.3d at 671-72. Lara's objection in the trial court did not inform the trial court what he wanted, the legal basis for why he thought he was entitled to it, nor inform the trial court of his complaint with enough specificity to allow the trial court to understand his issue at a time when the trial court was in the position to do something about it. *See id.* at 672. Additionally, Lara's objection at trial does not comport with his objection and argument on appeal. *See Lovill*, 319 S.W.3d at 691-92; *Heidelberg*, 144 S.W.3d at 537. We conclude Lara failed to preserve his argument for review on appeal. *See* Tex. R. App. P. 33.1; *Lovill*, 319 S.W.3d at 691-92; *Hull*, 67 S.W.3d at 216-18; *Sartin*, 680 S.W.3d at 669.

Even assuming the argument Appellant makes on appeal had been made during the trial and preserved for appeal, we also find Appellant's argument without merit. The voters determined in 1989 to amend Article IV, Section 11(a) of the Texas Constitution to provide:

> The Legislature shall by law establish a Board of Pardons and Paroles and shall require it to keep record of its actions and the reasons for its actions. The Legislature shall have authority to enact parole laws and laws that *require or permit courts to inform juries about the effect of good conduct time and eligibility for parole* or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense.

Tex. Const. art. IV, § 11(a) (emphasis added); *see also Luquis v. State*, 72 S.W.3d 355, 361 (Tex. Crim. App. 2002). Section 4(a) of article 37.07 provides, in relevant part, that the court *shall* charge the jury in writing as follows:

4

"The length of time for which a defendant is imprisoned may be reduced by the award of parole.

"Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, the defendant will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less. If the defendant is sentenced to a term of less than four years, the defendant must serve at least two years before the defendant is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

"It cannot accurately be predicted how the parole law might be applied to this defendant if sentenced to a term of imprisonment, because the application of that law will depend on decisions made by parole authorities.

"You may consider the existence of the parole law. You are not to consider the manner in which the parole law may be applied to this particular defendant."

Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a). The Court of Criminal Appeals has held that a trial court does not err by giving the statutorily-required instruction set forth in section 4(a) of Article 37.07, and that an instruction under this section does not violate a defendant's due process or due course of law rights. *See Luquis*, 72 S.W.3d at 363-68.

Here, the jury instruction on parole tracks the language in Article 37.07, section 4(a) of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a). The jury assessed punishment at forty years' imprisonment—about half the maximum sentence—and punishment in the middle of the allowable range does not support a conclusion that the jury attempted to apply the parole law to Lara. *See Stewart v. State*, 293 S.W.3d 853, 860 (Tex. App.—Texarkana 2009, pet. ref'd); *see also* Tex. Penal Code Ann. § 12.32(a) (first-degree felony is punishable by a

term for life or for any term of not more than 99 years or less than 5 years). We presume that the jury followed the court's instructions, and Appellant has cited no evidence tending to show that the jury did not follow the trial court's clear and explicit instructions regarding the law of parole. *See Luquis*, 72 S.W.3d at 368; *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005).

We overrule Appellant's issue, and we affirm the trial court's judgment of conviction.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on August 23, 2024
Opinion Delivered August 28, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.